UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MICHAEL BRUCE BYNOE,

    Petitioner,

vs.

STATE OF NEVADA,

    Respondents.

Case No. 3:15-cv-00168-RCJ-WGC

**ORDER**

Petitioner has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#10). The court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner needs to show cause why the court should not dismiss this action as untimely.

Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is not appealed, then it becomes final thirty days after entry, when the time to appeal to the Nevada Supreme Court has expired. See Gonzalez v. Thaler, 132 S. Ct. 641, 653-54 (2012). See also Nev. R. App. P. 4(b), 26(a). Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). A prior federal habeas corpus petition does not toll the period of limitation. Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

Section 2244(d) is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace, 544 U.S. at 418). Actual innocence can excuse operation of the statute of limitations. McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. (quoting Schlup v. Delo, 515 U.S. 298, 329 (1995)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). "In cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." Id. at 624.

The petitioner effectively files a federal petition when he delivers it to prison officials to be forwarded to the clerk of the court. Patterson v. Stewart, 251 F.3d 1243, 1245 n.2 (9th Cir. 2001). The court can raise the issue of timeliness on its own motion. Day v. McDonough, 547 U.S. 198, 209 (2006); Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).

In the Second Judicial District Court of the State of Nevada, petitioner pleaded no contest to one count of lewdness with a minor. The state district court entered its judgment of conviction on March 7, 2000. Petitioner does not state whether he appealed the judgment. This court's review of the on-line docket of the Nevada Supreme Court and of on-line research shows no direct appeal of

the judgment. The court will assume for the purpose of this order that petitioner's judgment of conviction became final when the time to appeal expired on April 6, 2000.

The next activity in petitioner's case was a motion to vacate the judgment of conviction, filed on April 25, 2005. State v. Bynoe, No. CR98-1289.[1] The state district court denied the motion on October 20, 2006. Petitioner had filed a premature appeal before the motion was denied. On July 10, 2006, the Nevada Supreme Court dismissed the appeal for lack of jurisdiction. Bynoe v. State, No. 47376.[2]

On February 7, 2012, petitioner filed a post-conviction habeas corpus petition in the state district court. Bynoe v. State, No. CR98P1289.[3] The state district court denied the petition. Petitioner appealed. On January 15, 2014, the Nevada Supreme Court affirmed, holding that the petition was untimely under Nev. Rev. Stat. § 34.726(1). Bynoe v. State, No. 63478.[4] Remittitur issued on June 17, 2014.[5]

Around the beginning of 2014 the proceedings in the state district court shifted back to No. CR98-1289. Petitioner filed a motion for reconsideration on April 15, 2015. The state district court docket does not show what the subject of the motion was. The motion was denied, and petitioner appealed. On July 1, 2015, the Nevada Supreme Court dismissed the appeal for lack of jurisdiction. Bynoe v. State, No. 68143.[6] The Nevada Supreme Court denied rehearing on September 25, 2015. Remittitur has not issued as of October 7, 2015.

---

[1] https://www.washoecourts.com/index.cfm?page=casedesc&case_id=CR98-1289. All on-line docket reports that this order cites were generated on October 7, 2015

[2] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=15231.

[3] https://www.washoecourts.com/index.cfm?page=casedesc&case_id=CR98P1289.

[4] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=31662.

[5] The docket for No. 63478 shows that petitioner filed a petition for a writ of certiorari with the Supreme Court of the United States, which denied the petition on or around October 15, 2014. For the purposes of this order, the certiorari petition is not relevant because the state habeas corpus petition is ineligible for tolling under 28 U.S.C. § 2244(d)(2) for the reasons stated below.

[6] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=36351.

On its face, the petition is untimely. It appears that petitioner did not appeal and that the judgment of conviction became final on April 6, 2000. Petitioner filed nothing in the state courts in the following year. Petitioner filed a civil rights action in this court on February 8, 2001. Bynoe v. Bosler, No. 3:01-cv-00081-HDM-RAM. The court dismissed the action under Heck v. Humphrey, 512 U.S. 477 (1994), and Preiser v. Rodriguez, 411 U.S. 475 (1973), because petitioner was using a civil rights action impermissibly to challenge the validity of the judgment of conviction. That action, and any other earlier action that petitioner had filed in this court does not toll the statute of limitations under 28 U.S.C. § 2244(d)(2). Walker, 533 U.S. at 181-82. The one-year period expired at the end of April 6, 2001.

Any petition or motion that petitioner filed in state court after April 6, 2001, did not toll the statute of limitations for two reasons. First, the period already had expired, and thus there was no time left to toll. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). Second, to the extent that any petition or motion filed in state court was untimely, it was not properly filed and was ineligible for tolling under § 2244(d)(2). Pace, 544 U.S. at 417.

Petitioner mailed his petition (#10) to this court on July 5, 2015, more than fourteen years after the one-year period had expired.[7] Petitioner will need to show cause why the court should not dismiss this action as untimely.

IT IS THEREFORE ORDERED that petitioner shall have thirty (30) days from the date of entry of this order to show cause why the court should not dismiss this action as untimely. Failure to comply with this order will result in the dismissal of this action.

IT IS FURTHER ORDERED that the clerk shall add Adam Paul Laxalt, Attorney General for the State of Nevada, as counsel for respondents.

///
///
///

---

[7]The clerk of the court opened this action on March 20, 2015, but petitioner did not send a petition for a writ of habeas corpus with his other documents.

-4-

IT IS FURTHER ORDERED that the clerk shall electronically serve upon respondents a copy of the petition and this order. Respondents' counsel shall enter a notice of appearance herein within twenty (20) days of entry of this order, but no further response shall be required from respondents until further order of the court.

Dated: DATED: This 9th day of November, 2015.

_____
ROBERT C. JONES
United States District Judge